No. 2864

**Second Circuit**

JACOB COHEN & SON v. FRIEDMAN ESTATE

(April 10, 1930. Opinion and Decree.)

Rusca & Cunningham, of Natchitoches, attorneys for plaintiffs, appellants.

Phanor Breazeale, of Natchitoches, attorney for defendant, appellee.

ODOM, J. This is a suit on open account for $129. Plaintiffs appealed from a judgment rejecting their demands. We think the judgment is correct. Plaintiffs failed to prove the sale relied upon. Mr. Friedman, a representative of the defendant company, was in the city of New York, and, while there, plaintiffs' salesman called on him and solicited an order. Mr. Friedman says that he went to plaintiffs' place of business and looked at some shirts and told Mr. Cohen, the head of the plaintiff firm, that he might be able to use some of them. He accordingly picked out some and got prices on them, which prices seemed to have been satisfactory. Mr. Friedman left plaintiffs' establishment and went back to his hotel, and, on arriving there, he decided that he did not want the goods and immediately telephoned Mr. Cohen not to ship them. Mr. Cohen admits that Mr. Friedman telephoned him, but says that he understood that the shipment was to be held up because Friedman might want some additional goods. Mr. Friedman did not return to plaintiffs' place of business, nor did he or any one else representing the defendant firm communicate with plaintiffs further with reference to the goods. Thirty days later, plaintiffs shipped the goods, and, when they arrived at Natches, La., defendant refused to accept them.

"The sale is considered to be perfect between the parties, and the property is of right acquired to the purchaser with regard to the seller, as soon as there exists an agreement for the object and for the price thereof, although the object has not yet been delivered nor the price paid." Civ. Code, art. 2456.

There is no contract of sale unless both parties intend the same thing. Pittsburg & Southern Coal Co. vs. Charles B. Slack, 42 La. Ann. 107, 7 So. 230.

According to Mr. Friedman's testimony, there was no completed sale, because he did not agree to buy the goods, and went no further than to state to Mr. Cohen that he might be able to use them. After reflecting over the matter, he decided that he did not want the goods—at least, at that time—and telephoned plaintiffs not to ship them until he came back to see about them. It is very probable that plaintiffs understood that Friedman was buying the goods when he picked out the articles, but it is certain, we think, that Friedman did not assent to the sale of the goods while in plaintiffs' place of business. Mr. Friedman says that, when he telephoned Mr. Cohen not to ship the goods, Mr. Cohen said he would not do so, but would await Friedman's return. The fact that plaintiffs held up the shipment for thirty days shows that they were not certain that Friedman intended to have the goods shipped.

The judgment appealed from is correct, and is accordingly affirmed, with costs.